JUSTICE NELSON
dissents.
¶23 The District Court determined that Lundquists' pro se complaint was actually an unauthorized amendm ent to the complaint which they had filed in their on-going cause of action, DV-96-17.1 agree with the District Court's determination in that regard and, would, accordingly, affirm the court's dismissal of Lundquists' complaint as being time-barred for the reasons and rationale articulated by the trial judge.
¶24 As to the majority's opinion, I would note that Lundquists, of course, did not argue the Wisconsin line of cases (which have now become the law of Montana) nor did the Respondents have any opportunity to argue against this theory. Aside from the fact that the majority do a splendid job of saving the Lundquists from their own ineptness, the majority's "fimdamental/technical defect" analysis has not been heretofore adopted as part of this State's jurisprudence-at least no Montana case law is cited in support of this approach.
¶25 Before adopting what likely will become the Pro se Litigant's Relief Act, I would have, at least, liked to have seen some briefing and argument on the subject. In any event, since the District Court did not err, I would affirm.
¶26 I dissent.
JUSTICE COTTER joins in the foregoing dissent.